| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

KERNELL THAW, §
§
    Appellant, §
§
*versus* § CIVIL ACTION NO. 4:13-CV-276
§
CHRISTOPHER MOSER, §
§
    Appellee. §

**MEMORANDUM AND ORDER**

Pending before the court is Kernell Thaw's ("Thaw" or "Appellant") appeal from the United States Bankruptcy Court's Order, entered March 20, 2013, sustaining trustee Christopher Moser's ("Moser" or "Trustee") Objection to Homestead Exemption. Having reviewed the bankruptcy judge's opinion and order, the record, the submissions of the parties, and the applicable law, the court is of the opinion that the bankruptcy court's decision should be affirmed.

I.    <u>Background</u>

Stanley Thaw ("Debtor") and Thaw were married on June 9, 2001. The following year, Debtor and Dr. Leslie Schachar ("Schachar") formed Theramedics, a health care business that proved to be unprofitable. In 2004 and 2006, Theramedics defaulted on various obligations that had been guaranteed by Debtor and Schachar. Schachar paid the obligations and subsequently sued to collect Debtor's share. Schachar recovered a judgment against Debtor in November 2009, and Debtor's appeals were unsuccessful. After Schachar attempted to enforce his judgment,

Debtor filed for bankruptcy protection and Moser was appointed Chapter 7 Trustee of Debtor's bankruptcy estate.[1]

At the time of Debtor's bankruptcy filing, the Thaws were living in their homestead at 5197 Brandywine in Frisco, Texas ("Brandywine Property"). Debtor claimed an unlimited homestead exemption under the Texas Constitution and the Texas Property Code. *See* TEX. CONST. ART. XVI, §§ 50 and 51; TEX. PROP. CODE §§ 41.001–.002. Trustee objected to Debtor's exemption in a timely manner, arguing that it should be limited by 11 U.S.C. § 522(p), which caps the homestead exemption at $146,450 if the property was acquired within 1,215 days of the bankruptcy filing.[2] Debtor stipulated that Trustee had established the requirements of § 522(p) and that the homestead exemption was correctly capped at $146,450.

Thaw, however, opposed Trustee's objection, asserting that her community property interest in the Brandywine Property is protected by the Texas Homestead Act. She argued that under Texas law, her homestead interest is a vested property right, similar to a life estate, which cannot be taken without just compensation. Thaw relied almost exclusively on one case, *United States v. Rodgers* ("*Rodgers*"), which characterized the Texas homestead right as "not a mere statutory entitlement, but a vested property right." 461 U.S. 677, 686 (1983).

The bankruptcy court held that Thaw has no separate and distinct, exempt homestead interest in the Brandywine Property that would allow her to claim a homestead exemption. The

---

[1] As the non-debtor spouse, Thaw did not join in the filing.

[2] Section 522(p) was intended to close the so-called "mansion loophole" granted to debtors who move to take advantage of some states' virtually unlimited homestead exemptions. *See In re Blair*, 334 B.R. 374, 377-78 (Bankr. N.D. Tex. 2005). The Judicial Conference of the United States has since increased the cap to $155,675.

bankruptcy court found *Rodgers* inapplicable in the context of bankruptcy law. Instead, the court cited a more-recent and confusingly similarly-styled Fifth Circuit case, *In re Rogers* ("*Rogers*"), which held that a homestead interest gives "protective legal security rather than vested economic rights." 513 F.3d 212, 224 (2008) (quoting *Heggen v. Pemelton* ("*Heggen*"), 836 S.W.2d 145, 148 (Tex. 1992)). Thaw filed the instant appeal on May 17, 2013, asserting that the bankruptcy court erred by sustaining Trustee's objection because the forced sale of her homestead, without just compensation, amounts to an unconstitutional taking.

## II. Analysis

### A. Jurisdiction

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" and, with leave of the court, "other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 158(c)(2), an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." *Id.* Therefore, "when reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court." *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103-04 (5th Cir. 1992); *accord Perry v. Dearing (In re Perry)*, 345 F.3d 303, 308-09 (5th Cir. 2003); *In re S. White Transp., Inc.*, 473 B.R. 695, 698 (S.D. Miss. 2012), *aff'd*, 725 F.3d 494, 496 (5th Cir. 2013).

### B. Standard of Review

In reviewing a decision of the bankruptcy court, Rule 8013 of the Federal Rules of Bankruptcy Procedure requires the court to accept the bankruptcy court's findings of fact unless

clearly erroneous and to examine *de novo* the conclusions of law. *See In re Halo Wireless, Inc.*, 684 F.3d 581, 586 (5th Cir. 2012); *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *Texas v. Soileau (In re Soileau)*, 488 F.3d 302, 305 (5th Cir. 2007), *cert. denied*, 552 U.S. 1180 (2008). Mixed questions of law and fact are reviewed *de novo*. *In re San Patricio Cnty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009). A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court is left with a firm and definite conviction that a mistake has been committed. *See Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 258-59 (5th Cir. 2006); *see also In re Perry*, 345 F.3d at 309 (quoting *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003)).

The bankruptcy court's ruling that a non-spouse has no separate and distinct, exempt homestead interest is a conclusion of law. *See In re Mazoue*, 240 B.R. 878, 880 (E.D. La. 1999) (stating that a bankruptcy court's decision to sustain an objection to a homestead exemption in a Chapter 7 bankruptcy is a conclusion of law). Therefore, the court will review the bankruptcy court's decision *de novo*.

C. <u>Arguments in Support of Appeal</u>

The core of Thaw's appeal is that she has a vested property interest in the homestead that could not be taken without just compensation pursuant to the Fifth Amendment to the United States Constitution. Specifically, Thaw argues that the bankruptcy court erred in four ways: first, by incorrectly distinguishing the United States Supreme Court's holding in *Rodgers*; second, by misconstruing Fifth Circuit and Texas Supreme Court precedent by relying on *Rogers*; third, by incorrectly ruling that Bankruptcy Code § 363 provides protection to Thaw's interest in the

4

Brandywine Property; and fourth, by relying on additional case law that is distinguishable from the present case.

D. <u>The Homestead Exemption Does Not Constitute a Vested Property Right</u>

"The Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that 'private property' shall not be taken for public use, without 'just compensation.'" *Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006) (quoting U.S. CONST. amend. V); *Hatfield v. Scott*, 306 F.3d 223, 226 (5th Cir. 2002) (quoting *Phillips v. Washington Legal Found.*, 524 U.S. 156, 163-64 (1998)). The purpose of the Takings Clause "is to prevent the government from 'forcing some people alone to bear public burdens, which, in all fairness, and justice, should be borne by the public as a whole.'" *United States Fid. & Guar. Co. v. McKeithen*, 226 F.3d 412, 416 (5th Cir. 2000) (quoting *E. Enters. v. Apfel*, 524 U.S. 498, 522 (1998)). To prevail on a takings claim, a plaintiff first "must demonstrate that he has a protectable property interest." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 269 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 2396 (2013) (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000 (1984)). Because the Constitution protects rather than creates property interests, courts must "resort to 'existing rules or understandings that stem from an independent source such as state law' to define the range of interests that qualify for protection as 'property' under the Fifth and Fourteenth Amendments." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1030 (1992) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Thaw's argument thus depends on whether the Texas homestead interest is a property right under state law.

1. *Rodgers*

Thaw relies on *Rodgers* to establish that Texas law grants her a protected homestead interest in the Brandywine Property. In *Rodgers*, the United States Supreme Court considered whether § 7403 of the Internal Revenue Code "empowers a [federal] district court to order the sale of a family home in which a delinquent taxpayer had an interest at the time he incurred his indebtedness, but in which the taxpayer's spouse, who does not owe any of that indebtedness, also has a separate 'homestead' right as defined by Texas law." 461 U.S. at 677. The Court evaluated the nature of the Texas homestead right and determined that, under the Texas Constitution, each spouse in a marriage has "a separate and undivided possessory interest in the homestead, which is only lost by death or abandonment, and which may not be compromised either by the other spouse or by his or her heirs." *Id.* at 685. It characterized the homestead right as "not a mere statutory entitlement, but a vested property right." *Id.* at 686. The Court determined there was no "gratuitous confiscation" in *Rodgers* because compensation was paid to the nondelinquent spouse. The Court ultimately held that § 7403 of the Internal Revenue Code empowers federal district courts to order the sale of a home so long as the non-debtor spouse receives compensation for the loss of the homestead interest. *Id.* at 697.

The bankruptcy court found *Rodgers* distinguishable from the present case for two reasons. First, *Rodgers* was governed by the Internal Revenue Code, whereas this case deals exclusively with the Bankruptcy Code. Second, *Rodgers* involved the use of community property to pay a separate debt, whereas the present case involves the inclusion of community property in the bankruptcy estate to pay community debts. Pursuant to 11 U.S.C. § 363(i), if community property is to be sold, the nonbankrupt spouse has the right of first refusal. If the spouse does not exercise

that option, the trustee must distribute the proceeds of sale in proportion to the respective interests of the estate and the spouse. *Id*. at § 363(j). Accordingly, the bankruptcy court held that the Bankruptcy Code is consistent with *Rodgers* because it provides protection against "gratuitous confiscation" of community property.

Thaw asserts that "while [*Rodgers*] arose in the context of the enforcement of an IRS lien[,] the ruling recognizing the spouse's homestead interest was not based on a unique interpretation of the Internal Revenue Code." Thaw emphasizes that "[t]he Supreme Court noted that if Internal Revenue Code§ 7403 did not have this protection it would raise Fifth Amendment issues."[3] Further, Thaw contends that the Bankruptcy Code's protections for non-filing spouses, such as a right of first refusal on any proposed sale of homestead property and the requirement that sale proceeds be distributed according to the interests of the estate and the non-filing spouse, do not comport with the requirements of *Rodgers* because they failed to compensate Thaw adequately. According to Thaw, the Bankruptcy Code's provisions effectively "force[] the spouse to buy back her homestead interest which should not have been lost in the first place."

Thaw's arguments are unpersuasive. The Supreme Court based its holding in *Rodgers* on "what [it was] informed about the nature of the homestead estate in Texas, that it is the sort of property interest for whose loss an innocent third-party must be compensated under § 7403." 461 U.S. at 697. The Texas Supreme Court, however, has since clarified the nature of the homestead interest in Texas. In *Rogers*, discussed in greater detail below, the Court unambiguously held that

---

[3] Thaw misstates the Court's language. The Supreme Court held that "if § 7403 allowed for the gratuitous confiscation of one person's property interest in order to satisfy another person's tax indebtedness, such a provision *might* pose significant difficulties under the Due Process Clause of the Fifth Amendment." 461 U.S. at 697 (emphasis added).

7

a homestead interest is "not a vested economic right." In short, Thaw's reliance on *Rodgers* is misplaced because the Texas Supreme Court's subsequent interpretation of the Texas homestead interest supersedes and controls.

Second, Thaw cites no cases extending *Rodgers's* holding to bankruptcy law, and the court is unaware of any such authority. The court notes, however, that at least one other court has held that "*Rodgers* deals exclusively with the Internal Revenue Code and has no application in this [bankruptcy proceeding]." *In re McCombs* ("*McCombs*"), No. 07-3043, 2007 WL 4411909, at *11 (Bankr. S.D. Tex. Dec. 17, 2007) (*rev'd on other grounds*), *In re McCombs*, 659 F.3d 503, 513 (5th. Cir. 2011), *cert. denied*, 132 S. Ct. 1810 (2012). In the absence of precedent applying *Rodgers's* holding in the bankruptcy context, the court declines to do so in this instance. Because the court finds *Rodgers* inapplicable, the court need not address whether § 363 of the Bankruptcy Code provides protection to Thaw's interest in the Brandywine Property.

    2.    *Rogers*

After *Rodgers* was decided, the United States Court of Appeals for the Fifth Circuit examined the Texas homestead exemption in the bankruptcy context in *Rogers* and arrived at a different conclusion, stating:

> Unlike a homestead interest, title and equity both constitute vested economic interests in the homestead property that can be acquired during the 1,215-day period preceding the filing of the petition. These interests are vested because they have an ascertainable economic value at the moment they are acquired by the debtor. In contrast, for purposes of federal bankruptcy law, the homestead exemption is valueless until it is claimed in bankruptcy, such that any value attributable to the exemption is not realized by the debtor until after the filing of the petition.

*Rogers*, 513 F.3d at 224. In reaching its holding, the Fifth Circuit relied on the Texas Supreme Court's holding in *Heggen*, commenting that "[u]nder Texas law, '[t]he homestead interest is a

legal interest created by the constitution that provides prophylactic protection from all but [a few] types of constitutionally permitted liens against homesteads. This interest . . . gives protective legal security rather than vested economic rights.'" *Id.* at 224 (quoting *Heggen*, 836 S.W.2d at 148).

Thaw claims the bankruptcy court erred by misconstruing both *Rogers* and *Heggen*. According to Thaw, both *Rogers* and *Heggen* dealt with the concept of transferring the protective homestead separate from the interest in the real property, whereas here, Moser is attempting to take Thaw's entire interest in the Brandywine property. Thaw's argument, however, confuses an interest in property with the protection of that interest from creditors. Both *Rogers* and *Heggen* stand for the proposition that the Texas homestead interest is not a vested property right. Accordingly, Moser is not taking anything from Thaw because the homestead interest is not a cognizable private interest capable of being "taken" at all.

Moreover, Thaw's argument that she has a separate, vested homestead property right that did not enter the debtor's estate and is not subject to the limits provided by Bankruptcy Code § 522(o) and (p), has been rejected by at least four other courts in Texas. *See In re Bounds,* 491 B.R. 440, 451 (Bankr. W.D. Tex. 2013); *Dome Entm't Ctr. v. Kim* (*In re Kim*), 405 B.R. 179, 188 (Bankr. N.D. Tex. 2009); *Douglass v. Langehennig* (*In re Douglass*), No. 08-1007, 2008 WL 2944568, at *15 (Bankr. W.D. Tex. July 25, 2008); *McCombs*, No. 07-3043, 2007 WL 4411909, at *7 (Bankr. S.D. Tex. Dec. 17, 2007). In *McCombs*, the bankruptcy court held that "the [Bankruptcy] Code does not recognize [the non-debtor wife's] claim to a homestead exemption separate and distinct from the Debtor." 2007 WL 4411909, at *8. Only the Debtor may exempt property that has become property of the estate, which "'effectively eliminates the rights of a non-

9

debtor spouse to manage and control community property.'" *In re Kim*, 405 B.R. at 187 (quoting *In re Rodriguez*, 353 B.R. 144, 149 (Bankr. N.D. Tex. 2006)). "'The Bankruptcy Code makes no provision for a non-debtor to claim an exemption from the estate.'" *Id*. at 187-88 (quoting *In re Duncan*, 294 B.R. 339, 344 (10th Cir. BAP 2003)).

Thaw argues that these cases are distinguishable. Nonetheless, she does not explain how *In re McCombs* and *In re Kim* are distinguishable, merely noting that *McCombs* was not addressed on appeal for procedural reasons and *In re Kim* is currently on appeal before the Fifth Circuit. Both cases are on point, and *In re Kim* was affirmed by a district court.[4] Thaw attempts to distinguish *In re Douglass* by asserting that in that case, the non-filing spouse was attempting to assert a "homestead" interest separate from an interest in the real estate, whereas here, Thaw claims a community property interest in the Brandwine Property as her homestead. Thaw's distinction, however, is irrelevant because the characterization of the underlying property interest as community or separate does not affect the nature of the Texas homestead interest. Rather, *In re Douglass* reaffirms the broader principle that "[the homestead protection] gives protective legal security rather than vested economic rights." *Heggen*, 836 S.W.2d at 148.

The Fifth Circuit's "interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders [its] prior decision clearly wrong." *Hughes v. Tobacco Inst. Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). Therefore, the Fifth Circuit's interpretation of the Texas homestead interest in *Rogers*, in conjunction with the corroborating case law, compels the court to hold that Thaw has no vested property interest in the homestead exemption.

---

[5] *McCombs* was not reviewed by a district court because Appellant waived the homestead issue.

Consequently, because Thaw has no private property right in the homestead interest, no unconstitutional taking occurred.

III. Conclusion

Consistent with the foregoing analysis, the judgment of the bankruptcy court is AFFIRMED, and the Clerk of Court is directed to close the case.

SIGNED at Beaumont, Texas, this 16th day of January, 2014.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE